# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JAMES LYONS,

    Plaintiff,

vs.

No. CIV 98-1027 LH/LCS

ANGELA ADAMS, SIMON ROMO,
ROMAINE SERNA, TERENCE CADY,
and AUGUSTUS NARBUTAS, in their
individual capacities, and the STATE OF
NEW MEXICO, DEPARTMENT OF
CHILDREN, YOUTH, AND FAMILIES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Terence Cady's Motion to Dismiss Plaintiff's Cause of Action for Violation of Section 504 of the Rehabilitation Act (Docket No. 14), filed January 4, 1999; The Department Defendants' Motion to Dismiss First Amended Complaint (Docket No. 25), filed February 11, 1999; and Defendant Terence Cady's Motion to Dismiss Plaintiff's First, Second, and Third Causes of Action and for Qualified Immunity (Docket No. 35), filed March 15, 1999.  The Court, having considered the pleadings submitted by the parties, and otherwise being fully advised, finds that Defendant Cady's January 4, 1999, motion to dismiss is **moot** and will be **denied** as such, as the Plaintiff's Complaint was amended on February 9, 1999, and that the remaining motions to dismiss are well taken in part and will be **granted in part** and **denied in part**.

-1-

## INTRODUCTION

Plaintiff, an employee of the State of New Mexico, first in the Human Services Department and later with the Children, Youth and Families Department (CYFD), asserts that he was illegally retaliated against in violation of both his First Amendment rights and the Rehabilitation Act. In Count I, he alleges that he was retaliated against for his open and vocal support of the reelection of Judge Martinez, a judge before whom Plaintiff and other attorneys in the CYFD often appear and against whom, Plaintiff alleges, the Defendants spoke. The alleged retaliation includes refusing to promote him, not posting openings in higher positions, and promoting less qualified individuals ahead of him. In Count II, Plaintiff alleges similar retaliation in response to his filing grievances and his previous filing of a lawsuit. In Count III, Plaintiff alleges the violation of his substantive due process right to maintain his reputation. Finally, Plaintiff claims to be a qualified individual under the Rehabilitation Act, and that Defendant Department's actions have violated that act.

Plaintiff seeks injunctive relief directing Defendants to promote him, damages in the amount of lost back pay and benefits, and compensatory damages in an amount sufficient to remedy the injuries suffered due to distress, damage to reputation, loss of career opportunities, and loss of retirement benefits. Plaintiff brings this action pursuant to 42 U.S.C. §1983, the First and Fourteenth Amendments of the United States Constitution, and Section 504 of the Rehabilitation Act.

Defendants have raised the defense of qualified immunity to the First Amendment claims (Counts I and II) and the substantive due process claim (Count III). They also argue that the First Amendment violations alleged in Count II are not cognizable because Plaintiff's activities did not constitute protected speech. Additionally, they assert that substantive due process is not implicated in employment matters such as this one. Accordingly, Defendants have moved to dismiss Counts I

through III.  Finally, the Defendant Department has moved to dismiss the Rehabilitation Act claim (Count IV) for a lack of subject matter jurisdiction, alleging that Plaintiff failed to exhaust his available administrative remedies.[1]

### FIRST AMENDMENT:  PROTECTED POLITICAL SPEECH

Defendants assert that they are entitled to qualified immunity on Plaintiff's protected speech claim.  Government officials who perform discretionary functions are "generally shielded from personal liability for civil damages insofar as their conduct does not violate clearly established statutory or Constitutional rights known to [the] reasonable person." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Once qualified immunity is raised as a defense, the plaintiff must come forward with allegations that the defendant's actions violated the law and that the law was clearly established at the time of violation.  *See Pueblo Neighborhood Health Centers v. Losavio*, 847 F.2d 642, 646 (10th Cir. 1988).  The only way to determine whether Defendants' alleged actions violated clearly established law is to examine the law.

A First Amendment retaliation claim is analyzed using the four-step test from *Pickering v. Board of Education*.  391 U.S. 563 (1968).  The court must determine: (1) whether the employee's speech can be "fairly characterized as constituting speech on a matter of public concern," (2) whether the employee's interest in commenting on matters of public concern outweighs the interest of the

---

[1] The Court has considered the United States Supreme Court's recent decisions regarding Eleventh Amendment sovereign immunity and has determined that the new interpretation of the Amendment does not apply to the case at hand.  *See Alden v. Maine,* 119 S.Ct. 2240 (1999); *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Board,* 119 S.Ct. 2219 (1999); *Florida Prepaid Postsecondary Ed. Expense Board v. College Savings Bank,* 119 S.Ct. 2199 (1999).  These cases concern the relationship between the Commerce Clause and Eleventh Amendment Immunity, while the case at hand concerns the Fourteenth Amendment and incorporated First Amendment rights.

State in promoting the efficiency of the public service it provides, (3) whether the protected speech was a substantial factor in the "detrimental employment decision," and (4) assuming the first three factors have been met, whether the defendant has met its burden to show it would have acted in the same manner even without the existence of the protected conduct. *Id.* at 568. The first two steps are legal questions to be resolved by the Court, the third and fourth steps concern causation and are factual questions to be resolved by the jury. *See Gardetto v. Mason*, 100 F.3d 803, 811 (10th Cir. 1996). The allegedly protected speech was the Plaintiff's endorsement of Judge Martinez in his reelection bid. (*See* First Amend. Compl. ¶¶ 66-68.) Speech concerning the potential reelection of a government official can be "fairly characterized as constituting speech on a matter of public concern." *Pickering*, 391 U.S. 563.

To show that Plaintiff's interest in his free expression does not outweigh the government's interest in restricting speech so as to promote the efficient provision of public services, Defendants must show "that some restriction is necessary to prevent the disruption of official functions or to insure effective performance by the employee." *Gardetto,* 100 F.3d at 815. Defendants argue that the government's interest outweighs that of the individual here because the judge about whom Plaintiff was speaking is one before whom Plaintiff regularly appears, and open support of that judge may compromise "[P]laintiff's ability to perform the duties of his position." (*See* Defs.' Reply Sup. Mot. Dis. at 8.) Defendants do not offer any other explanation of how allowing Plaintiff to openly support the judge would compromise his ability to perform his duties. Given that attorneys at the New Mexico Department of Children, Youth and Families are not required to take a position of absolute neutrality, it is difficult to see how such support would cause any such problem.

The "employer's burden to justify its restriction on speech increases in proportion to the value of that speech in the public debate." *Curtis v. Oklahoma City Pub. Schs. Bd. Educ.,* 147 F.3d 1200, 1212 (10th Cir. 1998). There are few examples of speech more valued in a democratic society than the expression of one's political views, especially those concerning an upcoming election. *See, e.g. Monitor Patriot v. Roy*, 401 U.S. 265, 272 (1971) (holding that the First Amendment "has its fullest and most urgent application precisely to the conduct of campaigns for political office"). It is not impossible for a public employer to establish an interest in prohibiting political speech which outweighs the Plaintiff's interest. *See, e.g. Ruff v. Leavenworth,* 858 F.Supp. 1546, 1554-55 (D. Kan. 1994) (holding that a city's interest in prohibiting police officers from publicly endorsing a particular candidate outweighed the officers' interest in such political expression). However, in this case, the employer's burden to justify its restriction is high, and Defendants have failed to point to any allegations that cause the balance to shift in their favor. Of course, this situation could be different on a motion for summary judgment after evidence has been produced. The law protecting a public employee's right to free political speech is clearly established, and Plaintiff has alleged that Defendants have violated it. Accordingly, Defendants are not entitled to qualified immunity and their motion to dismiss Plaintiff's protected political speech claim in Count I will be denied.

**FIRST AMENDMENT: PETITIONING FOR REDRESS**

In Count II, Plaintiff asserts that two activities—his sustained pattern of filing grievances with Defendant Department and his previous filing and prosecution of a lawsuit against the Department in state court—invoke the First Amendment's protection of petitioning the government for redress. Defendants have again raised the defense of qualified immunity, asserting that they did not violate any clearly established law.

Plaintiff argues that the right to petition for redress is a heightened right, with a separate standard from "ordinary speech." (*See* Pl.'s Mem. Resp. Mot. Dis. at 10.) Plaintiff points to the decision in *San Filippo v. Bongiovonni* and argues that so long as a lawsuit is a "non-sham," it is a petition protected by the First Amendment. 30 F.3d 424, 443 (3rd Cir. 1994). What Plaintiff fails to note is that the *San Filippo* court also held that the first question in any such case, before asking whether a suit is a "non-sham," is to ask whether a particular grievance or lawsuit constitutes a "petition." *See id.* Proving that a particular grievance or lawsuit is a petition is no easier a task than establishing that particular political speech is protected. As Chief Justice Burger wrote in *McDonald v. Smith*, "there is no sound basis for granting greater constitutional protection to statements made in a petition. . . than other First Amendment expressions." 472 U.S. 479, 485 (1985). The right to petition is the guarantee of a particular form of expression, it is not an absolute right. *See id.* at 482. The law protects those who file lawsuits against retaliation, but such protection is not always constitutionally based. For the First Amendment to protect the filing of a lawsuit, the purpose, motivation, or topic of the suit must pass the same test as any other speech.

In determining whether a particular "petition" and the statements made in relation to it are protected by the First Amendment, the Court must look to the purpose of or motivation behind the activity in question. Courts must "focus on the motive of the speaker and. . . determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose." *Gardetto,* 100 F.3d at 812. "[S]peech pertaining to internal personnel disputes and working conditions ordinarily will not involve public concern, [but] speech that seeks to expose improper operations of the government or questions the integrity of governmental officials concerns vital public interests." *Id.*

Plaintiff's previous lawsuit, filed in 1992, challenged his transfer and demotion which took place that same year. (*See* First Amend. Compl. ¶18.) The apparent motivation of that suit was the correction of an internal personnel dispute, it was not an effort to expose governmental impropriety or question the integrity of governmental officials. Therefore, the Court must find that Plaintiff's previously filed lawsuit does not constitute protected speech in a clear enough manner to defeat Defendants' assertion of qualified immunity. Plaintiff points out that Defendants do not refer to a single Tenth Circuit case holding that filing a lawsuit is not protected speech. (*See* Pl.'s Resp. at 9.) This is of no matter, as it is Plaintiff's burden to overcome the defense of qualified immunity by showing that the allegedly violated law was clearly established; it is not Defendants' burden to show a clearly established unbroken law. *See Pueblo Neighborhood Health Ctrs.,* 847 F.2d at 646.

Plaintiff argues that of all the grievances he filed, only two are protected speech for the purposes of his "right to petition for redress" claim. They were based on allegations that the Departmental Defendants attempted to condition appointment to a higher office, to which Plaintiff aspired, on inappropriate questions regarding loyalty to the Secretary of the CYFD. (*See* Pl.'s Resp. at 13.) Specifically, Plaintiff asserts that he was asked, "What do you think of people who criticize the Secretary's policies?" (*See* First Amend. Compl. ¶ 29.) The Defendants correctly point out that Plaintiff has failed to show any clearly established law that such questioning violates the First Amendment or that filing a grievance regarding such questioning constitutes protected speech of public concern. (*See* Defs.' Mem. at 6.) As Plaintiff has not shown that Defendants' actions clearly violated the First Amendment, he cannot overcome their raised defense of qualified immunity. For the foregoing reasons, the Court will grant Defendants' motions to dismiss Count II.

### SUBSTANTIVE DUE PROCESS: LIBERTY INTEREST IN REPUTATION

Plaintiff seeks substantive due process protection of his reputation. Defendants nearly completely miss the mark by focusing their response on whether substantive due process is implicated in employment matters. (*See* Defs.' Mem. Supp. Mot. Dis. at 7-9.) Defendants point repeatedly to *Roe v. Antle*, which addresses whether substantive due process has any role in the assessment of personnel decisions and other potentially contested employment actions. 964 F.Supp. 1522, 1533 (D.N.M. 1997). While Defendants' argument here is well reasoned, it simply does not apply, as Plaintiff seeks substantive due process protection of his liberty interest in his reputation, not protection of a property interest in public employment. (*See* Pl.'s Mem. Resp. Mot. Dis. at 15-17.) Despite Defendants' failure to properly challenge the claim, the Court cannot allow Plaintiff's claim to stand as currently asserted.

A liberty interest in "reputation" is not accorded substantive due process protection; rather, one is only entitled to procedural due process protection, specifically the right to an opportunity to clear one's name. *See Codd v. Veger*, 429 U.S. 624, 627 (1977); *see also Paul v. Davis*, 424 U.S. 693, 710 (1976); *Garcia v. State of New Mexico Office of the Treasurer,* No. CIV 96-581 LH/JHG, slip op. at 10 (D.N.M. April 7, 1997) (holding that the right to protect one's reputation is one of procedural due process, and dismissing claim for the plaintiff's failure to allege he was denied an adequate name-clearing hearing). Plaintiff seeks substantive due process protection of his right to protect his reputation. There is no such protection. Accordingly, the Court will grant Defendants' motion to dismiss Count III for failure to state a claim upon which relief can be granted.

The Court notes that Plaintiff has asserted that he was not given an adequate name-clearing hearing following the sexual harassment investigation, and such an assertion alleges that he has not

received all of the procedural process that is due to him. (*See* Pl.'s Resp. at 16-17; *see also* First Amend. Compl. ¶¶ 43-54 (asserting other procedural shortcomings).) Given Plaintiff's situation, most notably that he continues to work for Defendant Department, the Court will allow him to move to amend the Complaint to seek a procedural due process remedy in the means of an adequate name-clearing hearing. The proposed Amended Complaint should accompany the motion.

## REHABILITATION ACT: VIOLATION OF SECTION 504

Defendants assert that Plaintiff has not claimed to have exhausted his administrative remedies prior to filing his claim pursuant to Section 504 of the Rehabilitation Act. (*See* Defs.' Mot. at 10.) Plaintiff has not directly refuted this assertion and, accordingly, Defendants have moved to dismiss the Rehabilitation Act claim in Count IV. Indeed, when seeking private remedies in a Title VII action or by a similar means, such as a Rehabilitation Act claim, it is generally a jurisdictional prerequisite that the Plaintiff exhaust the available administrative remedies. *See Woodman v. Runyon, et al.,* 132 F.3d 1330, 1341 (10th Cir. 1997); *see also Martin v. United States Post Office*, 752 F.Supp. 213, 217 (N.D. Texas, 1990) (dismissing plaintiff's Rehabilitation Act claim when plaintiff failed to exhaust her administrative remedies). However, the Tenth Circuit has held that, under certain circumstances, private suits to enforce a cause of action under section 504 of the Rehabilitation Act can be allowed without resort to administrative procedures. *See Pushkin v. Regents of the University of Colorado,* 658 F.2d 1372, 1381 (10th Cir. 1980) (holding that there is no jurisdictional prerequisite that a plaintiff exhaust public remedies); *see also Glover v. St. Louis-San Francisco Railway Co., et al.,* 393 U.S. 324, 330 (1969) (holding that a situation where the effort to pursue administrative remedies would be futile is one of "the most obvious exceptions to the exhaustion requirement").

The first recognized condition making exhaustion unnecessary is when the remedies available

are public, and not private, which Plaintiff asserts is the case here. (*See* Pl.'s Resp. at 19; *see also* First Amend. Compl. ¶ 97.) Public remedies consist of such acts as cutting off federal funding for a program or similar government initiated incentives for change. Public remedies do not include equitable relief for the affected individual, and are not remedies an individual can pursue. *See Pushkin*, 658 F.2d at 1381. It would be unfair to require a plaintiff to exhaust pursuit of public remedies, which are neither within his power to attain nor appropriate for the relief that he seeks, before attaining federal jurisdiction. All that must be considered, then, are any untapped private remedies.

If any private remedies were available, it seems unlikely Plaintiff could have done more to exhaust them. Plaintiff has alleged that he filed multiple grievances with Defendant Department, which were apparently ignored, turned down, or proved otherwise futile. (*See* First Amend. Compl. ¶¶ 19-22, 29, 35, 40-42.) Exhaustion of administrative remedies is not required when further appeal would be futile. *See Papilla v. School District No. 1 in City and City. of Denver, Colo.,* 35 F.Supp.2d 1260, 1265 (D. Colo. 1999); *see also Hays v. Unified School Dist. No. 377,* 877 F.2d 809, 814 (10th Cir. 1989) (holding that exhaustion is not required if "adequate relief is not reasonably available or pursuit of such relief would be futile"); *Glover,* 393 U.S. at 330. The remedies Plaintiff has pursued appear futile, and Defendants have not described what other private remedies should have been pursued. Accordingly, the Court will deny Defendants' motion to dismiss Count IV.

**IT IS, THEREFORE, ORDERED** that Defendant Terence Cady's Motion to Dismiss Plaintiff's Cause of Action for Violation of Section 504 of the Rehabilitation Act (Docket No. 14), filed January 4, 1999, is **denied as moot**.

**IT IS FURTHER ORDERED** that The Department Defendants' Motion to Dismiss First

Amended Complaint (Docket No. 25), filed February 11, 1999, is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendant Terence Cady's Motion to Dismiss Plaintiff's First, Second, and Third Causes of Action and for Qualified Immunity (Docket No. 35), filed March 15, 1999, is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Counts II and III are **dismissed** for failure to state a claim for which relief can be granted. The Court will, however, consider a motion to amend the Complaint if the Plaintiff can restate Count III in accord with this opinion.

**IT IS FINALLY ORDERED** that Defendants' motions to dismiss the First Amendment claim in Count I and the Rehabilitation Act claim in Count IV are **denied**.

_____
**UNITED STATES DISTRICT JUDGE**